UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

RENE ORTIGOZA TINOCO,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　Petitioner,　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　v.　　　　　　　　　　　　　　 )　　　No. 2:26-cv-00408-JRS-MG
　　　　　　　　　　　　　　　　　　　　　　 )
SAMUEL OLSON, *et al.*,　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　Respondents.　　　　　 )

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Rene Ortigoza Tinoco is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on May 25, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Dkt. 1 at ¶ 1. Mr. Tinoco now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 12; dkt. 11 at 3.

For the reasons discussed, the Court grants the petition and orders Respondents to either afford Mr. Tinoco a bond hearing or release him from custody.

I.　　　**Background**

Mr. Tinoco is a citizen of Mexico but has lived in the United States since 1998. Dkt. 1 at ¶ 16. He came to the United States without inspection through an unknown location. Dkt. 1; dkt. 10. While living in the United States, Mr. Tinoco met his spouse, who lives with Mr. Tinoco's four children; each are United States citizens. Dkt. 1 at ¶ 5. He applied for asylum in November 2024, which is still pending. Dkt. 1 at ¶ 4; dkt. 1-3.

On May 24, 2026, Mr. Tinoco was arrested by local law enforcement for operating a vehicle without ever obtaining a license. Dkt. 10-1 at 6. The following day, he was arrested by ICE pursuant to an administrative warrant (I-200, Warrant for Arrest of Alien) and taken to the Clay

County Jail where he is being held without bond. Dkt. 1; dkt. 10-1 at 8. The administrative warrant explicitly authorized his detention under § 1226 (§ 236 of the Immigration and Nationality Act ("INA")). Dkt. 10-1 at 8.

At the time of his arrest, Mr. Tinoco was issued a Notice to Appear for removal proceedings pursuant to 8 U.S.C. § 1229a. *Id.* at 1. The Notice charges Mr. Tinoco with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or parole." *Id.* The "arriving alien" checkbox is unmarked. *Id.* Mr. Tinoco's removal proceedings remain pending.

## II.    Discussion

Mr. Tinoco claims that his current detention violates the Due Process Clause of the Fifth Amendment. Dkt. 1 at 5. He also argues that the denial of a bond hearing violates the INA (8 U.S.C. § 1226). *Id.* at 5-6. Respondents argue that Mr. Tinoco is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A) and that 8 U.S.C. § 1226(a) does not apply to him. Dkt. 10 at 4-9. They argue in the alternative that, if the Court were to find § 1226(a) applicable to Mr. Tinoco, the appropriate remedy would be to order a bond hearing. *Id.* at 15-16.

The Court finds that Mr. Tinoco's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Tinoco is entitled to habeas corpus relief on this ground, the Court does not address his due process challenge. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

### A.  8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain

2

certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole[.]

8 U.S.C. § 1226(a).

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national

security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B. Mr. Tinoco Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Mr. Tinoco is eligible for a bond hearing under § 1226(a). He arrived in the United States without inspection in 1998 and has lived here ever since. He lived in the United States for decades before being arrested by ICE in Indiana, the interior of the United States, pursuant to an administrative warrant. The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Tinoco who have

lived in the interior of the United States for years. *See Alejandro v. Olson*, 817 F. Supp. 3d 672, 677 (S.D. Ind. 2025); [JRS] *Morales Sandoval v. Crowley*, No. 2:25-CV-00560-JRS-MKK, 2025 WL 3760760, at *3–6 (S.D. Ind. Dec. 30, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See Alejandro*, 817 F. Supp. 3d at 677.

Respondents reassert the same argument previously advanced in those cases and maintain that § 1225(b)(2)(A) controls because, as they argue, Mr. Tinoco is an "applicant for admission" who is "seeking admission" into the United States and is not "clearly and beyond a doubt entitled to be admitted." Dkt. 10 at 6-7. Their position is supported primarily by out-of-circuit cases that are familiar to the Court. *Id.* at 6, 9-15 (citing, among other cases, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). The *Buenrostro-Mendez* court found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503.[1] The *Avila* court similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." 170 F.4th at 1135.

---

[1] *Buenrostro-Mendez* is somewhat complicated by *Rodriguez v. Ortega*, --- F.4th ---, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026). In a decision issued after this matter was fully briefed, the Fifth Circuit left *Buenrostro-Mendez*'s interpretation of §§ 1225 and 1226 in place but also held that noncitizens subject to detention under § 1225(b)(2)(A) have a Fifth Amendment due process right to a bond hearing if detained for more than 90 days. *Id.* at *16 ("We conclude that the Government may detain aliens under Section 1225(b)(2)(A) for ninety days but no longer without a bond hearing. . . . We are not ordering any particular process, and it is for the defendants to determine in what manner to provide such a hearing within those 90 days. . . . Our only requirement is that a hearing must be held within 90 days of the commencement of detention and that at the hearing, the Government must articulate an individualized justification for further detention without bond."). Because this Court finds § 1226(a) requires a bond hearing in this case, the Court need not consider *Rodriguez*'s application here or what relief might be available under the Fifth Amendment.

While the Seventh Circuit has not definitively ruled on the subject yet, the court in *Castañon-Nava v. U.S. Dep't of Homeland Sec.* determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th 1048 (7th Cir. 2025). This is a decision that carries persuasive authority due to its procedural posture,[2] which reaffirms the Court's prior decisions where it applied the same established canons of statutory interpretation to facts analogous to those here.

The reasoning in *Castañon-Nava* was adopted by the Second Circuit in *Barbosa da Cunha v. Freden*, when it explicitly rejected the government's contention that § 1225 controls for immigrants who are arrested in the interior of the United States and that entered without inspection or admission. *See* 175 F.4th 61, 70-72, 88 (2d Cir. 2026) ("Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive."). The Second Circuit is joined by the Sixth and Eleventh Circuits, *see Lopez-Campos v. Raycraft*, 175 F.4th 713, 725 (6th Cir. 2026), *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026), and the Tenth Circuit. *See Santillan Quiroz v. Mullin*, --- F.4th ----, No. 26-6019, 2026 WL 1876709 at *1 (10th Cir. June 30, 2026).[3]

---

[2] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

[3] The Tenth Circuit issued its opinion in *Santillan Quiroz* after the briefing in this case. The  Tenth Circuit decided: "By statutory definition, [the petitioner] is an applicant for admission because he is present in the United States without having been admitted" but that "he is not seeking admission since he has no present request for lawful entry pending." 2026 WL 1876709 at *6-7. The court continued: "Noncitizens in [the petitioner's] position – that is, those who entered the United States without admission and who have lived here since – are categorically unable to seek admission while they remain in the country." *Id.* at *7.

6

Moreover, Respondents' legal reasoning cannot be reconciled with the government's treatment of Mr. Tinoco, *i.e.*, arresting him inside the United States pursuant to an administrative warrant that explicitly authorized his detention under § 1226 then subjecting him to full removal proceedings under § 1229a. *See* dkt. 10-1 (authorizing detention under section 236 of the INA, codified as § 1226). And the Notice to Appear does not state that Mr. Tinoco is an "arriving alien" and instead lists him as an individual who is "present in the United States." Dkt. 10-1. Given the government's treatment of Mr. Tinoco, it cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release.

Nothing in this case convinces the Court of the need to revisit its prior rulings. And Respondents have not cited any case that convinces the Court the Seventh Circuit will depart from *Castañon-Nava*. The Court rejects Respondents' position and instead relies on *Castañon-Nava* as persuasive. Accordingly, the Court concludes that continued detention without consideration of bond violates the INA and Mr. Tinoco is entitled to a bond hearing under § 1226(a).

## III.    Scope of Relief

Mr. Tinoco is entitled to habeas relief because his continued detention without a bond hearing violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

Mr. Tinoco requests immediate release from custody or, alternatively, an individualized bond hearing. Dkt. 1 at 5. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not

7

be in the interests of justice to order Mr. Tinoco's immediate release and instead orders Respondents to provide him with an individualized bond hearing as required by § 1226(a).

## IV.    Conclusion

The Court **grants** the petition to the extent that **no later than 5:00 p.m. on July 31, 2026**, **Respondents must either**: (1) provide Mr. Tinoco with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations;[4] or (2) release Mr. Tinoco from custody, under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Mr. Tinoco with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Tinoco's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent it seeks immediate release. The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 07/21/2026

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

---

[4] This deadline for a bond hearing may be modified without Court involvement upon agreement of Federal Respondents and Petitioner.